## BLACKSHEAR, administrator, *v.* DEKLE.

SIMMONS, C. J. 1. Where to a suit on a note long past due the defendant pleaded payment, alleging that, under an agreement subsequent to the execution of the note, the plaintiff had accepted certain lumber from the defendant in satisfaction of the note, such defense was not barred by the statute of limitations, although such time may have elapsed that it would be too late to bring suit for the value of the lumber, or to set up its delivery, as a counter-claim.

2. On the trial of such case, entries from the books of the defendant, showing that at the time of the maturity of the note he had charged plaintiff with certain lumber, priced at slightly more than the amount of the note, and

had afterward credited plaintiff with the note, and showing also that subsequently the plaintiff was charged with certain other lumber and credited with a cash payment, were relevant evidence.

3. A new trial will not be ordered because the trial judge, in charging the jury on the trial of an action by an administrator, used the word "plaintiff," where he evidently meant "plaintiff's intestate," the inaccuracy occurring in such connection that the jury could not have been misled thereby.

4. The record leaving no doubt as to the delivery of the lumber, and there being some evidence from which the jury could rightly have inferred that the plaintiff's intestate agreed to accept such lumber in payment of the note, and did so accept it, and the trial judge being satisfied with the verdict for the defendant, this court will not control his discretion in refusing a new trial.                    *Judgment affirmed. All the Justices concur.*

Submitted June 23, — Decided July 19, 1904.

Complaint.    Before Judge Spence.    Thomas superior court December 21, 1903.

Cited:  Civil Code, § 3732; *Ga. R.* 80/472 (4); 83/322; 102/561 (1); 64/243 (2).

*W. H. Hammond,* for plaintiff.
*W. C. Snodgrass,* for defendant.