Argued February 19, decided March 24, 1908.

## HALL *v.* O'CONNELL.

[94 Pac. 564.]

OFFICERS—RIGHTS, POWERS, AND DUTIES—POWER OF AMENDMENT.

1. A person in performing a statutory duty which does not involve the exercise of any judicial functions, is a ministerial officer, whose power of amendment, on common-law principles, is excluded, unless such right is conferred by statute.

TAXATION—SALE OF LAND—RETURN—AMENDMENT.

2. Laws 1893, p. 28, authorize the county judge at any sale of land for taxes to bid for the county.  Laws 1893, p. 87, make it the duty of the county clerk to keep a record of delinquent tax sales, and on report to him of a sale for taxes, to enter on the public record the facts relative thereto, including an accurate description of the premises sold.  B. & C. Comp., Section 3118, provides that a warrant to collect delinquent taxes shall be deemed an execution, and executed and returned in like manner.  Section 3131 vests the title to premises sold to the county in the county, without issuance of a deed, if timely redemption is not made; and Section 3134 requires a sheriff, on a resale of land bid in by the county, to execute a deed to the purchaser.  A return by the sheriff on a tax sale of lots to the county, gave the wrong block number, and, no redemption having been made, the lots were thereafter sold, the sheriff's deed describing the lots as in the return.  *Held*, that the sheriff's return and the record of the tax deed could not be amended to give the correct block number, and thereby divest the title of a grantee from the original owner, who purchased without legal notice that the lots were affected by the sale.

51 OR.—— 8

LIMITATION OF ACTIONS—CROSS-ACTIONS.

3. The statute of limitations is no bar to a suit in the nature of a cross-action to correct public records, and to enjoin the prosecution of an action at law theretofore commenced to recover the possession of real property, since such suit is invoked as a shield.

From Coos : LAWRENCE T. HARRIS, Judge.

Statement by MR. JUSTICE MOORE.

This is a suit by M. E. Hall against Eugene O'Connell, W. W. Gage, Stephen Gallier and Coos County, to enjoin the prosecution of an action at law and to correct certain public records that have been altered.

The facts are, that from the year 1894 to 1899, inclusive, one John Koch was the owner in fee of lots 3 and 4, in block 9, of Schetter's Addition to Marshfield, which property was regularly assessed to him, and on which taxes were duly imposed during those years. The burdens thus prescribed not having been paid, the real property mentioned was entered on the delinquent lists, and, warrants having been attached thereto, the defendant Gage, the then sheriff of Coos County, levied upon the lots so described, advertised them for sale, and sold them to that county, September 2, 1899, for the amount of the delinquent taxes and costs, but in his return, that officer certified that he had sold lots 3 and 4, in block 4, of the addition specified. No redemption from such sale having been made, the lots last above described were, pursuant to the required notice, sold as the property of the county to the defendant O'Connell July 7, 1902, by the defendant Gallier, the then sheriff, who thereafter executed to the purchaser a tax deed for lots 3 and 4, in block 4, of Schetter's Addition to Marshfield, which deed was duly recorded. Koch executed a deed of the real property correctly described to the plaintiff, who on July 21, 1902, paid to the sheriff all the delinquent taxes appearing against the property. The county court of Coos County, conformable to O'Connell's petition, but without any notice thereof, made an order January 15, 1903, permitting ex-Sheriff Gage and Sheriff Gallier

severally to change the records of the tax sales as made by each, in respect to the property in question, so as to make the description read "block 9," instead of "block 4," of such addition, and also allowed the record of the tax deed to be altered in the same manner. Thereupon O'Connell, claiming to be the owner in fee of lots 3 and 4, in block 9, of such addition, commenced an action against the plaintiff herein to recover possession of the premises. Upon filing an answer in that action, the plaintiff herein commenced this suit by filing a complaint, in the nature of a cross-bill, alleging *inter alia* that the county records had been unlawfully mutilated in respect to the description of the real property sold for delinquent taxes.

O'Connell's answer herein denies the material allegations of the complaint, sets forth most of the facts hereinbefore stated, and avers that the plaintiff purchased the premises from Koch with knowledge that the lots had been sold for the delinquent taxes, and that the time for the redemption thereof had expired; that during the years specified, Koch was the owner in fee of lots 3 and 4, in block 9, in the addition mentioned, and did not own any other real property in Coos County, and that by reason of the premises the plaintiff ought to be estopped to assert any estate in or title to the real property by virtue of Koch's deed. For a further defense, it is alleged that this suit was not commenced within the time limited therefor, nor within two years from the time the record was amended. A demurrer to the answer, on the ground that it did not state facts sufficient to constitute a defense, having been sustained, the relief prayed for in the cross-bill was granted, from which decree O'Connell appeals.                                AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Joseph W. Bennett.*

For respondent there was a brief over the names of
*Mr. John S. Coke* and *Mr. Ephraim B. Seabrook,* with
an oral argument by *Mr. Seabrook.*

MR. JUSTICE MOORE delivered the opinion of the court.

It is contended by appellant's counsel that the sale of
Koch's lots to Coos County for the payment of the de-
linquent taxes was valid, and, though a mistake was
made in the description of the block, as noted in the
sheriff's return of the sale and also in the tax deed exe-
cuted to O'Connell, the county court very properly per-
mitted the record to be amended so as to correspond with
the facts as they occurred, and, having done so, the
circuit court erred in sustaining the demurrer and in
granting the relief prayed for by the plaintiff. The
statute in force September 2, 1899, empowered the
county judge, at any sale of land for taxes, to bid on
behalf of the county the amount of the taxes and costs
that were charged against each tract, and, if there were
no higher bidder therefor, such land should be sold to
and become the property of the county: Laws 1893,
p. 28. A warrant for the purpose of collecting delin-
quent taxes was treated as an execution against property,
and was to be executed and returned in like manner as
such writ: B. & C. Comp. § 3118. It was the duty of
each county clerk to keep a "record of delinquent tax
sales," and whenever any real property was sold for the
recovery of such taxes it was incumbent upon the clerk
of the county, as soon as a report thereof was made to
him by the officer who executed the warrant for such
sale, to make an entry in such public record of the facts
relative to the proceedings therein, to-wit: " * * (2) An
accurate description of each lot, tract, or parcel of
property sold at such sale * * ": Laws 1893, p. 87.
If no redemption of real property sold for delinquent
taxes was made within the time limited therefor, the title
to such land vested in the county without issuance of a

deed or other formality: B. & C. Comp. § 3131.  Upon
a resale of land bid in by a county, the sheriff conduct-
ing the sale was required to execute a deed to the pur-
chaser, which vested in him a title to the premises:
B. & C. Comp. § 3134.

1. In selling land for delinquent taxes a sheriff does
not act under a common-law writ, but pursuant to statu-
tory power which must be strictly pursued; and, to
render a sale of real property for such purposes effica-
cious, that officer must perform the several steps which
are necessary to bring his acts within the measure of
the power conferred, and, if he fails to comply with
these demands, the sale is incomplete, and cannot there-
after be perfected by his doing the act required: *Taylor*
v. *Allen,* 67 N. C. 346.

A person in performing a statutory duty which does
not involve the exercise of any judicial functions is a
mere ministerial officer, whose powers of amendment,
upon common-law principles, is excluded unless such
right is conferred by some statute: *Dowell* v. *Portland,*
13 Or. 248 (10 Pac. 308) ; *Ladd* v. *Spencer,* 23 Or. 193
(31 Pac. 474).  Thus, when a sheriff is directed by
statute to make a return upon the warrant attached to
a delinquent roll, unless his return correctly describes
the premises sold for the payment of the burden imposed,
the sale is void: *Andrews* v. *Senter,* 32 Me. 394.

In construing a statute of California which required
a sheriff in selling real property for the recovery of de-
linquent taxes to sell only the smallest quantity of land
which any person would take in consideration of paying
the burden imposed, it was held by the Supreme Court
of the United States that a sheriff's deed reciting a sale
to the highest bidder was void on its face: *French* v. *Ed-*
*wards,* 13 Wall. (80 U. S.) 506: 20 L. Ed. 702.  After
that decision was rendered, the party claiming a title to
the premises under the tax sale thereof procured an *ex*
*parte* order of a state court, pursuant to which the

ex-sheriff who made the sale amended his return so as to show a sale of the least quantity of land that any party would take in consideration of being permitted to pay the entire taxes and costs, and thereupon executed another deed in which the facts were stated as in the amended return. A supplemental answer was thereafter filed, setting up the title acquired since the former trial, through the corrected return and deed. In disposing of the defense thus interposed, it was held that the original return was made in the regular course of the sheriff's duty, and was the proper and only record evidence of the mode of sale, and that it showed a void sale, from which there was no necessity to redeem; that the owner of the property was not required to ascertain the mode of sale from any other source, and had a right to rely upon the truth of the record thus made; and that the ex-sheriff could not years after the time for redemption had expired, amend his return so as to show the sale to be valid, which before appeared upon the record to be void, and thereby preclude the owner from the right of redemption when he had relied upon the false record: *French* v. *Edwards,* 9 Fed. Cas. No. 5,098. In reaching that conclusion Judge SAWYER says:

"The return being made became a part of the record of the case of which parties interested were bound to take notice, and upon which they were entitled to rely. If all the proceedings were regular, the owner was perhaps bound to know that a sale would be made, but he was not required to be present in person, and was not bound to know the terms upon which the sheriff actually sold, otherwise than from the record made of it by the officer in his return as required by law, and for the purpose of giving this information."

2. An officer cannot, after the expiration of the time prescribed for redeeming property sold for delinquent taxes, amend a record so as to make it correspond with the acts performed by him: *Judevine* v. *Jackson,* 18 Vt. 470; *Langdon* v. *Poor,* 20 Vt. 13. The rule to be ex-

tracted from these decisions we consider controlling in
the case at bar, and, as the statute in force when the
lots were sold to Coos County required the record of
delinquent tax sales to contain an accurate description
of each lot, tract or parcel of property sold, to be entered
by the county clerk as soon as the report of the delin-
quent sales was made by the officer who executed the
warrant, such direction presupposes a compliance by the
sheriff with that requirement.    Unless, therefore, the
premises were accurately described by Gage in his return
of the sales, Koch was not obliged to redeem therefrom,
because his title could not be jeopardized in any manner
except by a strict observance of the provisions of the
statute.

3. To permit a sheriff's return of the sale of real
property for the recovery of delinquent taxes to be
amended  after  the  time  for  redemption  has  expired,
and thus deprive an owner of the premises of his title,
when he has had reason to rely upon the verity of the
original return, would be taking an undue advantage of
him, for he might have been lulled into inaction by the
description contained in the return until it was too late
to assert his rights to the property.   Before the record
was altered, and in the absence of any legal notice that
the real property was affected by the sale, the plaintiff
as the grantee of Koch paid all the delinquent taxes
imposed on the premises, and now to permit the title to
be divested by a mere amendment of the record would,
in our opinion, be inequitable.   The complaint herein
was interposed after O'Connell had commenced an
action to obtain possession of the lots, and, as this suit
is invoked as a shield, the statute of limitations is not a
bar to the relief granted.

Believing the decree rendered to be correct, it is af-
firmed.                                  AFFIRMED.