### VANN v. HELPHREY.

No. 21351. Opinion Filed Sept. 20, 1932.

Rehearing Denied Oct. 18, 1932.

F. C. Dooley and J. A. Rinehart, for plaintiff in error.

G. Earl Shaffer, for defendant in error.

KORNEGAY, J. This is a proceeding in error to reverse the district court of Okfuskee county. The subject-matter of the action was a Creek freedman's allotment that had been sold by probate proceedings had in Creek county by a guardian, who appears to have been regularly appointed, and who sold the land and executed a guardian's deed therefor, which deed was recorded in Okfuskee county on April 19, 1909. The grantee in the guardian's deed, on the 1st of December, 1910, joined by his wife, executed a warranty deed to the plaintiff below, the present defendant in error. The plaintiff below has been in the actual possession of the land since shortly after the date of his deed, beginning in the year 1911, and has paid taxes on it since said time.

The defendant in the original case, plaintiff in error here, against whose claims the action was brought to quiet title, became of age in November, 1920. Sometime afterwards he brought an action to set aside the guardian's deed, but the action was dismissed for want of prosecution on the 18th of May, 1923. The action in the present case was started on the 18th of June, 1929. The trial court found in favor of the plaintiff below, and quieted the title of the plaintiff in and to the land.

Briefs have been filed here. Complaint is made of the action of the lower court upon the ground that the proceedings in the probate case. resulting in the sale of the property, were void. The execution of deed by the guardian appears in the record, and also the guardianship proceedings. The irregularities in those proceedings are not much greater than ordinarily, but it appears from those proceedings that the county court had jurisdiction of the matter.

Having jurisdiction of the matter, the guardian's deed having been made and recorded, the statute of limitations started with the recording of that deed. Over 15 years elapsed from the time of the recording of the deed until the action here involved was brought, and three years in addition had also elapsed, during all which period of 18 years the party had remained in adverse possession of the property. The three years had elapsed from the time of the plaintiff in error's reaching his majority, and from the date of the recording of the guardian's deed, about 20 years had elapsed. Under these conditions, the statute bar of limitations had attached, and regardless of irregularities in the probate proceeding, the title of the plaintiff below, the defendant in error here, had become fixed by our statutes of limitations of 15 years and five years.

This case comes within the principles laid down in the case of Stolfa v. Gaines, 140 Okla. 292, 283 P. 563, and it is not deemed necessary to discuss in detail the various authorities that have been cited in the briefs.

Finding no error in the decision of the court below, the case is affirmed.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. LESTER, C. J., and RILEY and ANDREWS, JJ., absent.