SIMMONS v. WILKIN et al.

No. 5234.   Decided October 28, 1932.   (15 P. [2d] 321.)

*Irvine, Skeen & Thurman,* of Salt Lake City, for appellants.

*Ball, Musser & Mitchell* and *Chris Mathison,* all of Salt Lake City, for respondent.

HARRIS, District Judge.

This action was brought to recover for personal injuries sustained in a collision between two automobiles in one of which plaintiff was riding as a passenger. Plaintiff asked for $10,000 general damages, and by way of special damages pleaded: "That as a result of the said injuries it was necessary for the plaintiff to go to the hospital and she remained there for a period of ten weeks at an expense of $780.00. That while so confined and for a month after returning to her home she required the care and attention of and necessarily employed special nurses at an expense of $1,200.00."

The jury returned a verdict in favor of the plaintiff for $2,000. The evidence shows that plaintiff was injured in her chest, spine, and lung, and that a few days after the accident pneumonia developed as a result of the injuries, and she was taken to a hospital, where an operation was performed, and she remained for almost ten weeks. When plaintiff left the hospital, she did not go to her home, but went to live with her father and mother at the Newhouse Hotel, where she remained in bed under the care of nurses for two months.

The only errors assigned and argued go to the question of the rulings of the court in admitting certain evidence as to two items of expense. The father of the plaintiff was permitted by the court to testify as to these items over the defendant's objection. Later the defendants requested the court to instruct the jury to disregard these items in fixing the amount of damages which requests were refused.

The first item was a bill of $168 paid to the Newhouse Hotel for board of the nurse; the second was an item of $282 paid to the Newhouse Hotel for the room of the plaintiff. Defendants claim that these items were not pleaded, and that no necessity was shown for either of them. We have seen that the complaint alleges that she necessarily employed special nurses at an expense of $1,200. The record abundantly shows the necessity of the nurses' services, and defendants' own doctor testified without objection that it was customary to charge a board fee in addition to wages of a nurse whose services were required in a home or hotel. In the absence of a demurrer to the complaint or a demand for a bill of particulars, and in view of the testimony of the doctors as to the nature of the illness resulting from the injuries and the necessity for the nurses' services, we find no error in admitting the testimony of the expense for the nurses' board bill. 17 C. J. 1018.

The next item of $282 testified to by the witness as paid for room for the plaintiff at the hotel presents a more difficult question. It will be noted that the pleading is that for a month after returning to her home she required services of nurses. Nothing is pleaded about it being necessary for her to go to a hotel, and the record is silent as to any necessity of her going to the hotel except that her parents lived there at the time. The record is likewise silent as to the kind of a room occupied and whether or not any part of the expense of the hotel room was reasonable or necessary under the circumstances.

The general rule with reference to the pleading of special damages is stated by this court in the case of *McKinney* v. *Carson,* 35 Utah 180, 99 P. 660, 664, as follows:

"The general rule no doubt is that all the consequences that necessarily and ordinarily flow from the wrongful act or acts described in the complaint may be proved under a general allegation of damages; and that consequences which are the natural but not the necessary and ordinary result of such act or acts must be specially alleged in order to entitle the complaining party to prove them at the trial."

The principal difficulty comes in attempting to apply the rule to the facts in a given case. It has been said the purpose of the rule is to avoid surprise to the defendant. It would seem to the writer that to present a $282 hotel bill to these defendants under the pleading above stated is such an unfair surprise and is so far from the natural result of the injury as to offend against the rule requiring such an item of damage to be specially pleaded. If it can be said that a hotel bill can be said to naturally arise out of such an injury, then the rule requiring some pleading of special damages is almost useless, and any expense actually incurred, whether necessary or not, may be proved under the general allegation of damages. We are of the opinion that it was error to admit the testimony of this item without any foundation as to its necessity or reasonableness or any pleading to justify the same.

That special damages must be reasonable and necessary as a result of the accident, see 17 C. J. ■ 802.

It is argued that there were other items of expense exclusive of the last item, which were admitted without objection sufficient to equal the amount of the verdict, and therefore the error is harmless. This, however, requires us to speculate that the jury disregarded this ■ item and allowed the other items of the expense account. How the jury reached the amount of the verdict this court is not informed, and to hold the evidence harmless would violate the rule that the Supreme Court is not a trier of fact. The error was not harmless. *Cleary* v. *Shand,* 48 Utah 640, 161 P. 453.

In this case the principal issues litigated were the issues of negligence and contributory negligence, and the matters of expenses or special damages were merely incidental to the principal issues. Since no questions on the principal issues were presented on this appeal, we are ■ not disposed to unconditionally reverse the case because of the foregoing error. In view of Comp. Laws Utah

1917, § 6995, which provides, "The court may reverse, affirm, or modify any order or judgment appealed from, * * *" and the procedure heretofore followed in the cases of *Rugg* v. *Tolman*, 39 Utah 295, 117 P. 54, *Shepard* v. *Payne*, 60 Utah 140, 206 P. 1098, and *Falkenberg* v. *Neff*, 72 Utah 258, 269 P. 1008, it is ordered that the judgment appealed from in this case be reversed and a new trial granted with costs to appellants, unless the respondent shall within twenty days from the date of filing this opinion and service of notice thereof on counsel, file in this court a remittitur of the sum of $282 from the amount of the damages awarded in the judgment; if such remittitur be filed, the judgment then to be modified in accordance therewith, and, as so modified, the judgment affirmed, with no award of costs on appeal to either party. It is so ordered.

STRAUP, ELIAS HANSEN, FOLLAND, EPHRAIM HANSON, JJ., concur.

CHERRY, C. J., did not participate herein.