**STATE of Utah, By and Through Its ROAD COMMISSION, Plaintiff and Appellant,**

v.

**D. W. DORRITY et al., Defendants and Respondents.**

**No. 13683.**

Supreme Court of Utah.

Feb. 13, 1975.

---

Vernon B. Romney, Atty. Gen., Donald S. Coleman, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

D. W. Dorrity, pro se.

MAUGHAN, Justice:

In this matter the State condemned land for highway purposes. The land belonged to defendants, and the land taken by the State was so located as to make two parcels of defendants' land where before there was one. The defendant D. W. Dorrity acted as his own counsel, the matter was tried to a jury, and the court rendered judgment on the verdict in favor of defendants and against plaintiff.

Plaintiff filed a motion for a new trial, or, in the alternative, for a remittitur. The grounds for the motion alleged that severance damages awarded by the jury were not supported by the evidence, that the damages were excessive in view of the evidence, and appeared to have been given under the influence of passion or prejudice. The trial court denied the motion, and plaintiff appeals, seeking reversal, remand for a new trial, or, in the alternative, that the amount of the award in excess of the evidence be remitted.

Plaintiff raises one point on appeal, viz., that the severance damage was excessive in an amount of $969, and not within the range of the evidence.

Defendants' property originally consisted of 19.29 acres. After the taking defendants were left with 1.18 acres on one side of the highway and 11.43 acres on the other side. Plaintiff's expert gave a value to the land taken of $500 an acre. Defendant D. W. Dorrity assigned value to the same land of $1,500 an acre, as did another witness testifying on behalf of defendants. The jury awarded defendants $800 per acre. Plaintiff does not contest this award.

Plaintiff contends the only evidence offered during the trial regarding severance damage was that of plaintiff's expert assigning an amount of $531, to the 1.18 acres. However, there is additional evidence as to severance damage, in that the testimony of plaintiff's expert provided a formula by which to determine such damage.

There is also some evidence that a portion of the 11.43 acres may have been damaged, but no evidence as to the amount of damage, and no formula as how to determine it.

Plaintiff's expert provided a formula by which severance damage was assigned to the smaller parcel. The formula used by the expert consisted of reducing the value of the smaller parcel to $50 per acre, then applying this figure against his value of $500 per acre for the land taken, thus assigning, as severance damages, $450 per acre to the 1.18 acres.

The jury found a value of $800 per acre for the land taken. Applying the expert's formula to the smaller parcel, they could reasonably have arrived at a severance damage to it, of $885. However, there is no evidence in the record to indicate how the jury could have reasonably arrived at a severance damage figure of $1,500.[1]

The principal issue in this matter is not attacked, and we find nothing in the record

1. State Road Comm. v. Williams, 22 Utah 2d 301, 305, 452 P.2d 548 (1969).

to indicate that excessive damages were given under the influence of passion or prejudice, but only that there is insufficient evidence to justify a verdict of $1,500 as severance damages.[2] Consequently, it is not thought appropriate to make an unconditional reversal of the judgment, but to order that the judgment appealed from be reversed and a new trial granted, unless defendants shall (within thirty days after service of this opinion, together with notice of the date of filing this opinion, upon them), accept the remittitur of the sum of $615 from the judgment for severance damages. If such remittitur be accepted, the judgment is to be modified in accordance therewith, and as modified, the judgment is affirmed. No costs awarded.[3]

HENRIOD, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.

2. U.R.C.P. 59(a)(6).

3. U.R.C.P. 73(a) ; Simmons v. Wilkin et al., 80 Utah 362, 15 P.2d 32 (1932).