THE CITY OF ST. LOUIS v. WETZEL et al., *Appellants.*

Division One, May 23, 1892.

1. **Condemnation of Alley:** ASSESSMENT OF BENEFITS. *City of St. Louis v. Lane, ante, p. 254, followed.*

2. ———: PAROL DEDICATION. Evidence of parol dedication to public use reviewed and *held* not sufficient to warrant a finding of such dedication as a conclusion of law.

3. ———: PRACTICE. Proceedings to condemn property to public use are reviewable on the principles applying to actions at law. Findings of fact therein, by the trial court, based on conflicting evidence, are conclusive on appeal.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

THIS is a proceeding to open an alley in the city of St. Louis. The issue made on the present appeal is upon the legality of an assessment for "benefits" against neighboring property-owners. That issue was raised by exceptions to the report of the commissioners appointed to assess damages and benefits as provided by the city charter.

The circuit court heard evidence on the questions of fact raised by the exceptions, finally overruled the latter, and entered judgment in due course accordingly. From that judgment Mr. Wetzel (and several of the other parties defendant, against whose property "benefits" were found) appealed, after the ordinary steps for a review.

The other facts appear in the opinion of the court.

*E. T. Farrish* for appellants.

There was a common-law dedication of the strip of ground here in question by Hugo F. Thomas, which precluded him from ever after asserting ownership thereof, so as to preclude the rights of others accruing from such dedication. This mode of dedication is not precluded or abridged by statutory regulations providing for dedication in certain specific ways. See *Cincinnati v. White*, 6 Peters (U. S.) 431, generally accepted and followed as a leading case in defining the requisites of a common-law dedication. *Noyes v. Ward*, 19 Conn. 250; *Manly v. Gibson*, 13 Ill. 308. "From use with the assent of the owner the law presumes dedication, the use being for such a length of time that the public accommodation and private rights might be materially

affected by interruption of the enjoyment." *Mayor v. Franklin*, 12 Ga. 239; *Case v. Fabier*, 12 Minn. 89; *Cady v. Conger*, 19 N. Y. 257. And it is well-settled law that when land is dedicated and enjoyed as such, and rights are acquired by either individuals or the public, by virtue of such dedication, the former owner is precluded from revoking such dedication. *Mayor v. Franklin*, 12 Ga. 239; *Haynes v. Thomas*, 7 Ind. 38; *Mankato v. Willard*, 13 Minn. 13; *Leffler v. Burlington*, 18 Iowa, 36.

*W. C. Marshall* for respondent.

(1) The circuit court having determined the question of fact as to the reasonableness of the award, and there being evidence in support of and in opposition to the amount found by the commissioners, and there being an irreconcilable conflict of testimony on that subject, this court will not disturb the finding, nor inquire into that question. *Krider v. Milner*, 99 Mo. 145; *Fulkerson v. Mitchell*, 82 Mo. 13. Respondent, therefore, respectfully declines to discuss this exception. (2) Unless the payment by Thomas of the tax bills for the construction of the sewer amount, in law, to a dedication of the strip in question, it cannot be said that this proceeding is void on the theory that the alley was already an alley, and, hence, the city should not have attempted to condemn for public use that to which she already had title by dedication. If the property had been acquired for use as an alley, it could have been used to construct a sewer, but the converse of this proposition is not true. Dillon on Municipal Corporations [4 Ed.] secs. 688, 752, and note 4. (3) However construed, the charter does not limit the assessment to the property abutting on the proposed alley, but limits it only to the property in said (the) block

abutting on the proposed alley. An attempt to construe it otherwise necessarily leaves out of consideration the three words, "in said block," and would require the court to read this section as follows: The benefits shall be paid by the owners of property abutting on the proposed alley. All the words of a statute must be given a meaning, if possible. Courts cannot disregard any word in a statute, if a meaning can be given to it.

BARCLAY, J.—The original purpose of this action was to condemn a strip of land, sixteen feet wide by seventy feet and two inches long, in block 695, to. public use as an alley, and assess the "benefits" of the improvement as required by the city charter of St. Louis. R. S. 1889, sec. 5, p. 2120.

An alley had previously been opened from Miller street, part way through that block; and the taking of the strip of land mentioned would prolong the original alley as a passage way through the entire block from Miller to Barry street. The strip was alleged to belong to Mr. Thomas. The commissioners valued it at $820, and assessed "benefits" partly against his adjoining property, and partly against the property of the appealing defendants, which abutted on that portion of the alley previously opened "in said block." Judge VALLIANT, who tried the present case, held that mode of assessing "benefits" correct. We entirely coincide in his judgment on that subject for the reasons given in *City of St. Louis v. Lane* (1892), *ante*, p. 254.

But there are some other assignments of error on this appeal that require remark.

II. It is claimed that the strip of land in question had been acquired by the public as an alley, by common-law methods, parol dedication by the proprietor, acceptance by the public, by user and otherwise, long prior to these proceedings. In this connection it

appeared that, in 1868, ''Miller street sewer district number 1,'' was established by ordinance, under which a public sewer was shortly afterwards built along the entire length of this alley from Barry to Miller street.    Special tax bills for its construction were issued against the owners of the property abutting on the alley; among others, against Mr. Thomas.    He paid these special taxes.

There was also evidence that people had long been accustomed to use the strip of ground as a passage way, and that it was designated as part of a public alley on the official maps at the City Hall, and had been for many years.

But, on the other hand, there was testimony on the part of Mr. Thomas to the effect that when the workmen, building the district sewer referred to, reached this strip of ground, he stopped them; but, afterwards, at the solicitation of the city engineer, permitted the work to proceed on promise of the latter that his improvements on the strip should be guarded against damage. A year or two later, he replaced his old stable, standing partly on this property, with a new shed and stable; about a year later he built sheds across the strip at its north and south ends, and has kept them in order and in his possession ever since.

Without, however, going further into the details of the testimony on that issue, it will be sufficient to say that they furnish ample support for the court's finding that no effective dedication of the property to public use was ever made by Mr. Thomas.

Findings of fact by the trial judge we do not review in statutory cases of this kind any more than in ordinary actions at law.

III.    Exception is next taken to the commissioners' award of damages for the value of the Thomas property, sought to be subjected to public use.

The circuit court heard considerable evidence on that subject, mostly from real-estate experts. It was decidedly conflicting. Its value was for the determination of the trial judge. We see no good reason for disturbing his finding on this point, approving the report of the commissioners.

The judgment is affirmed, with the concurrence of all the members of this division.