# Collier *v.* Carlisle.

*Bill in Equity to remove Cloud from Title.*

1. *Bill in equity to remove cloud from, title; burden of proof.* Where a bill is filed by a married woman to remove a cloud from her title, and the title of the complainant is claimed by mesne conveyances from her husband, and the defendant in his answer sets up that the conveyances by which the complainant claims title were made to hinder, delay and defraud the defendant and other creditors of the husband, the burden is upon the complainant to establish her title and possession as alleged in the bill, and to show a consideration paid

[Collier v. Carlisle.]

for the property, and in failing to meet this burden the com-
plant is not entitled to the relief prayed.

2. *Same; landlord and tenant; right of stranger to maintain bill.*
The attornment of a tenant to a stranger does not, of itself,
destroy the possession of the landlord; and when the pos-
session of the rented premises is tortiously gained from the
tenant, or the tenant has been induced to attorn to a stranger,
a court of equity will not, on such possession, entertain a bill
at the instance of the tort-feasor, or the person attorned to,
to remove a cloud from his title to the land.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed by the appellee, Mrs.
A. A. Collier, a married woman, against the appellee,
M. N. Carlisle. The facts of the case are sufficiently
stated in the opinion.

Upon the submission of the cause upon the pleadings
and proof, the chancellor decreed that the complainant
was not entitled to the relief prayed for, and ordered the
bill dismissed. From this decree the complainant ap-
peals, and assigns the rendition thereof as error.

A. C. WORTHY, for appellant, cited *Ray v. Womble*,
56 Ala. 32; *Lockett v. Hurt*, 57 Ala. 188; *Smith v. Gil-
mer*, 93 Ala. 224; 3 Brick. Dig., § 97; *Warren v. Wag-
ner*, 75 Ala. 188; *Scott v. Cotton*, 91 Ala. 623; *Brooks
v. Rogers*, 99 Ala. 438; *Davis v. Pou*, 103 Ala. 443.

GUNTER & GUNTER and M. N. CARLISLE, *contra*, cited
*Bowling v. Crook*, 104 Ala. 133; *Campbell v. Davis*,
85 Ala. 56; *Tunley v. Hanner*, 67 Ala. 101; *Fleming v.
Moore*, 122 Ala. 399; *Crim v. Nelms*, 78 Ala. 606.

TYSON, J.—The bill in this cause was filed to re-
move an alleged cloud upon the title asserted by com-
plainant to certain lands described in the bill, and to
enjoin the execution of a writ of possession for the
land by respondent issued upon a judgment in eject-
ment obtained by him against one Hayes, who was, at
the time of the rendition of the judgment in the pos-
session of the land. On the final hearing, the bill was
dismissed and this appeal is prosecuted from that de-
cree.

[Collier v. Carlisle.]

It is averred in the bill that complainant is in the actual possession of the land and has the legal title to it. She claims title as shown by her pleadings through mesne conveyance from her husband. Her claim of title is stated to be, a mortgage executed by her husband to J. C. Henderson of date April 1, 1891, a transfer of that mortgage by Henderson to one Lane of date February 19, 1895, a transfer by Lane to complainant on November 22, 1895, deed by complainant and her husband on foreclosure of mortgage to one Robertson of date April 6, 1896, and a deed from Robertson and wife to complainant of date December 31, 1896.

Neither of the transfers of the mortgage were recorded and the deed to Robertson and the one from Robertson to complainant were not recorded until March 8, 1899. Nor was the execution of the transfers or assignment of the mortgage proven.

In his answer, the respondent denies the complainant's title and possession and asserts title in himself, claiming to have derived it under a sheriff's deed executed to him by virtue of a sale under an execution issued upon a judgment obtained by him against the complainant's husband in 1895. It is also averred that the alleged transfer by Lane to complainant was made to hinder, delay or defraud the respondent, who at that time was a creditor of the husband. That the complainant furnished no part of the money paid Lane, but that it belonged to her husband, the mortgagor. It is further averred that the deed to Robertson and the one from him to complainant was without consideration, and that Robertson never went into possession of the land as purchaser at the foreclosure sale or otherwise, or exercised any acts of ownership over it; but that these deeds were a part of the scheme of complainant and her husband to defraud the respondent as a creditor of the husband and to put the land beyond his reach.

Under the issues thus presented by the pleadings it is entirely clear that the burden was upon the complainant to establish her title and possession as alleged. The paper purporting to be a transfer or assignment of the mortgage, by Henderson to Lane and by Lane to com-

plainant was not self-proving. The respondent not be
ing a party to it, proof of its execution should have
been made. This was not done. The objection to its
introduction in evidence by respondent on that ground
should have been sustained. With these transfers elim-
inated, the complainant has failed to prove her title
as alleged. Nor do we think that she has discharged
the burden of proving her possession of the land at
the date of the filing of the bill. The preponderance
of the testimony shows that Bragg and Pritchett rented
the land for the year 1900 from Mrs. Hayes, who was
in possession as the tenant of the respondent. That
after renting the land from her, they at the instance of
complainant's husband attempted to attorn to the com-
plainant as her tenant for that year. It is only by and
through this tortious act of theirs and hers, that she
claims to be in possession. This is not such a possession
as a court of equity will protect.—*Fleming v. Moore,*
122 Ala. 399, and authorities therein cited. It is of
no consequence that their rental contract with Mrs.
Hayes may have been void, under the statute of frauds.
They acquired the possession from her and they can-
not be permitted, without first surrendering the pos-
session to her, to dispute her title or her right to the
possession.

Furthermore, the defense of fraud set up in respond-
ent's answer was a good one and imposed upon com-
plainant the burden of showing a consideration paid
by her for the land, since respondent's debt was a sub-
sisting one at and prior to the transfer of the mortgage
to her by Lane, if ever made, and the execution of the
other conveyances through which she claims title.—*Kel-
ley v. Connell,* 110 Ala. 543; *Wood v. Riley,* 121 Ala.
160. It is of no consequence that the answer was not
made a cross-bill seeking affirmative relief against these
several conveyances which are alleged to have been made
to hinder, delay or defraud this respondent in the col-
lection of his debt against the husband. If fraudulent,
as alleged, she cannot invoke the aid of a court of con-
science to protect a possession acquired under them.
The complainant having utterly failed to meet the bur-

31c

den of proof cast upon her by this defense she must fail.

There is no error in the record, and the decree must be affirmed.