STONE v. MERRELL et al.

No. 31670.    Jan. 9, 1945.

*154 P. 2d 953.*

T. L. Blakemore and T. L. Blakemore, Jr., both of Supulpa, and Will A. Ratterree, of Okemah, for plaintiff in error.

J. Hugh Nolen and Clyde F. Ross, both of Okemah, for defendants in error.

ARNOLD, J. This is a quiet title action involving the same real estate as that involved in case No. 31470, 195 Okla. 17, 154 P. 2d 952. The principal parties are the same as in that case and will be referred to by their trial court designation. In their petition the plaintiffs alleged lawful and peaceable possession of the land involved and the allegations of the petition otherwise are in usual form and entirely sufficient. Defendant Stone's answer consists of a general denial.

The proof of plaintiffs was to the same effect as the facts stated in case No. 31470, supra. We therein held that the entry of plaintiffs and the subsequent detention of the property was unlawful and had the effect of unlawfully dispossessing the defendant Stone. This determination by us therein is determinative of the principal issue here for the reason that generally lawful and rightful possession of the real estate involved is a prerequisite to authority to enter judgment quieting title. Collier v. Carlisle, 133 Ala. 478, 31 So. 970; Daudt v. Keen, 124 Mo. 105, 27 S.W. 361; Fleming v. Moore, 122 Ala. 399, 26 So. 174; Gage v. Hampton, 127 Ill. 87, 20 N. E. 12, 2 L.R.A. 512; Herman v. Lambert, 76 W. Va. 370, 85 S. E. 660; Juhlin v. Hutchings, 90 Kan. 618, 135 P. 598; Robert v. Brayton, 82 Mich. 632, 46 N.W. 935; Stark v. Starr, 6 Wall. 402, 18 L. Ed. 925; 51 C.J. 92, § 114; 44 Am. Jur. 38, § 47. Though under our statute, 12 O.S. 1941 § 1141, a quiet title action may be coupled with an action for possession, there was no attempt to proceed thereunder so as to make the exception provided thereby available to plaintiffs.

The plaintiffs at the outset of the trial objected to the participation of the defendant in the trial of the cause because their demand that the defendant tender all taxes, penalties, costs, etc., which had been directed by the court and had not been complied with. The defendant did not make the tender and the objection was interposed at various points throughout the trial. The trial court finally sustained the objection to the defendant's interposing a demurrer to the evidence based on the ground that the plaintiffs had not shown lawful possession but on the contrary had shown that their possession was unlawful. The entire defense of defendant was based upon this contention. There being no issue as to the validity of the resale tax deed to the county or the deed to plaintiffs from the county, and there being no one seeking to recover possession of the land, it was not necessary for the defendant to tender the taxes, interest, penalties, costs, etc., as directed by the court, and it was error to direct the tender. See 68 O. S. 1941 §§ 360, 453, and 455. Therefore, it was error to sustain the motion of plaintiffs directed at the right of defendant to demur to the evidence of plaintiffs on the ground stated.

Reversed.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, and DAVISON, JJ., concur.