GULLEY et al. v. CHRISTIAN.

No. 31741. Dec. 17, 1946.

Rehearing Denied Jan. 28, 1947.

*176 P. 2d 812.*

Pryor & Wilbanks and Sandlin & Balch, all of Holdenville, for plaintiffs in error.

O. S. Huser, of Holdenville, and Jesse S. Bonds, of Allen, for defendant in error.

WELCH, J. This cause was commenced in the district court of Hughes county by Cora Christian, formerly Cora Gulley, defendant in error, hereinafter referred to as plaintiff, against T. F. Gulley, Billy G. Gulley, a minor, Baby Jess Gulley, now Stone, Lassie Gulley, now Bonifield, and Theo Gulley, now Ingram, plaintiffs in error, hereinafter referred to as defendants, to cancel certain deeds and to quiet title.

Plaintiff in her petition states that she became the owner of the 180-acre tract of land involved in this action, one portion by way of Indian allotment, and one portion by way of inheritance in 1917; that on June 16, 1941, she conveyed the property to W. B. Evett, Jr.; "that this action is brought for the benefit of the plaintiff and W. B. Evett, Jr., a minor, who is the grandson of the plaintiff and only child of plaintiff's only living daughter, and who is plaintiff's grantee in a certain deed to the property involved"; that on June 18, 1941, the defendant T. F. Gulley, plaintiff's son, caused to be filed for record four deeds all purporting to be executed by plaintiff on June 8, 1929, and covering the 180 acres involved herein, in separate parcels to each grantee, Billy G. Gulley, Baby Jess Gulley, Lassie Gulley and Theo Gulley, defendants herein and children of defendant T. F. Gulley, and grandchildren of the plaintiff. Plaintiff states that said deeds were never executed by her; that if said instruments bear her signature, they were signed by plaintiff without knowledge of their import and at the instance and because of the false representations of her son, the defendant T. F. Gulley; that plaintiff never received any consideration from defendants for said deeds; that plaintiff never made delivery of said deeds.

Plaintiff states that on July 10, 1941, the defendant T. F. Gulley filed for record deeds from the defendants Theo Gulley, now Ingram, Baby Jess Gulley, and Lassie Gulley, now Bonifield, purporting to convey to the defendant T. F. Gulley the separate parcels of the property described in the conveyances to each of said parties mentioned above. That last-named grantors were not and had never been in possession.

Plaintiff prayed for cancellation of the deeds above referred to wherein the defendants were grantees and grantors and that plaintiff or those in privity with plaintiff be adjudged owners in fee simple of the property.

Defendants filed a general demurrer to the petition of the plaintiff and asserted especially therein that there is a defect of parties plaintiff and that the cause is not prosecuted in the name of the party in interest. The court over-

ruled the demurrer. Thereafter by answer defendants asserted ownership in the property involved.

Upon a trial of the issues the court found for the plaintiff and against the defendants, canceling the deeds as prayed for by plaintiff and adjudging W. B. Evett, Jr., to be the owner of 160 acres of the lands and the plaintiff to be the owner of 20 acres.

Defendants appeal.

In support of their assignments of error the first proposition presented is that the court erred in overruling the demurrer of the defendants to the petition of plaintiff. It is urged that there is a misjoinder of causes of action and a defect of parties plaintiff, in that there are five defendants and not one of the defendants is claiming a joint interest in the land; that the suit was brought in the name of Cora Christian, formerly Cora Gulley, and not brought for W. B. Evett, Jr., as grantee of Cora Christian, formerly Gulley, as his grantor.

The petition recites "that this action is brought for the benefit of the plaintiff and W. B. Evett, Jr., . . . who is plaintiff's grantee in a certain deed to the property involved, and which is hereinafter referred to." The record shows a general warranty deed to 160 acres of the lands involved from the plaintiff to W. B. Evett, Jr., wherein the plaintiff warranted her title to W. B. Evett, Jr.

In the case of Cressler v. Brown, 79 Okla. 170, 192 P. 417, in paragraph 20 of the syllabus this court said:

"A warrantor has sufficient interest upon which to base a suit in his own name to quiet the title of his grantee."

See, also, 111 Okla. 197, 239 P. 628, annotation 97 A. L. R. 711.

On the question of misjoinder of causes of action, the defendants cite in part, 12 O. S. 1941 § 265, and cite the case of Bryan et al. v. Sullivan, 55 Okla. 109, 154 P. 1167. We think the case inapplicable herein. It may be said here, as was said in the case of Benson v. Fore, 136 Okla. 185, 276 P. 742, at page 190 of the Oklahoma Report:

"Bryan v. Sullivan, 55 Okla. 109, 154 P. 1167, is cited and relied upon. We think that case not in point, as there the action was one at law, based upon separate bonds signed by separate sureties at different stages of a suit. . . .

"On the question of joinder of defendants in an action to quiet title, the general rule is stated in 32 Cyc. p. 1348, as follows:

" 'All persons claiming an interest in the land may be joined as defendants, although each claims a separate parcel of the land, under a distinct right.'

"Kincaid et al. v. McGowan et al., 88 Ky. 91, 4 S.W. 802, is a case wherein the question here under consideration was involved. . . .

"In the body of the opinion the court said:

" 'In an action to quiet the title to the land, all persons setting up claim thereto, whether each claims a separate parcel of the land or by distinct right, may be joined in the suit as defendants. Also, it seems clear that in an equitable action to quiet title to land, independently of statutory authority, all of the adverse claimants, whether by independent titles or not, may be joined as defendants. Indeed, as the object to be accomplished is the putting of all litigation about the title to rest, it is not only desirable, but proper to make all adverse claimants defendants.' "

In Benson v. Fore, supra, paragraph one of the syllabus reads:

"In an action to quiet title to real estate under the provisions of section 466, C. O. S. 1921, all persons setting up claims to the land may be joined in the suit as defendants, although some claim separate parcels of the land under a distinct claim or right, and others claim an interest in the entire tract."

The rule is stated in 64 A. L. R., on pages 162 and 163, as follows:

"It is generally held that in an action to quiet title or to remove a cloud therefrom all persons claiming an interest in

**170**

the lands involved can properly be made parties, even though they claim separate parcels."

Benson v. Fore is cited, together with numerous cases from other states.

Continuing from A. L. R. page 163:

"Especially is it proper to join in an action to quiet title or remove a cloud therefrom, all persons claiming an interest in the lands involved, even though they claim separate parcels where they all claim from a common source of title."

We find no error committed in overruling the demurrer to plaintiff's petition.

The next proposition presented is that the court erred in overruling the demurrer of the defendants, interposed at the close of the testimony offered by the plaintiff.

The plaintiff testified she did not execute the deeds in question and had no knowledge of their existence. She is corroborated by the record evidence introduced showing acts of ownership and authority over the premises such as assessing for taxes, paying taxes, claiming homestead exemption from tax, leasing for oil and gas and granting easements, all in a period of years subsequent to the execution date shown on the deeds in question.

We think the trial court committed no error in overruling the demurrer.

The next proposition urged is that the court erred in refusing to make findings of facts and conclusions of law after written request had been filed with the court clerk.

The request was filed with the court clerk, but the record does not reveal that the request was ever presented or called to the court's attention either before or at the time judgment was rendered, nor was any exception taken by defendants to the failure of the court to act on the request. Under such circumstances the defendants have no right to complain. See Johnson v. John-

ston, 82 Okla. 259, 200 P. 204; also In re Miller's Estate, Geren v. Storie, Adm'r, et al., 182 Okla. 534, 78 P. 2d 819, where, in the fourth paragraph of the syllabus, it is said:

"Where a request is made for special findings of fact and conclusions of law, and the court at the time judgment is rendered fails to make the special findings as requested, it is the duty of the party making the request to except to the failure of the court to make such findings, and to incorporate in the motion for new trial such failure."

The defendants contend that the court erred in finding in favor of plaintiff and against the defendants in entering the judgment herein.

"In a case of purely equitable nature this court will examine the entire record and weigh the evidence, but will not reverse the judgment of the trial court unless it be against the clear weight of the evidence." Sneed et al. v. Pitts, 195 Okla. 165, 154 P. 2d 69.

As heretofore mentioned, the plaintiff testified she did not execute the deeds to the Gulley children. Her testimony is disputed by two of the children who testified they were present in 1929 and witnessed the execution of the deeds by her. The notary public identified his own signature on the deeds, but had no recollection of the transaction. One witness testified that he prepared deeds for plaintiff naming the four Gulley children as grantees and mailed them to plaintiff in June, 1929. The record reveals the plaintiff to be of advanced age and of little education; that she lived on the premises involved for over 40 years, not in the same house, but in close proximity to her son, the defendant T. F. Gulley, the father of the codefendants; that T. F. Gulley looked after the management of the lands and money therefrom for plaintiff for many years; that plaintiff's estate in land at one time consisted of 890 acres; that 710 acres had been disposed of by plaintiff prior to this action, and that a large part of the proceeds had been used by the de-

fendant T. F. Gulley and his family; that subsequent to the year 1929 the defendant T. F. Gulley procured affidavits of ownership of plaintiff to lands involved in negotiating the sale of an oil and gas lease; that he wrote letters and assisted plaintiff in the matter of the execution of an easement for road right of way; that he signed plaintiff's name to affidavits of ownership of plaintiff on application for homestead tax exemption for several different years; that he paid taxes in plaintiff's name in the premises involved. The plaintiff, when confronted with the deeds to the Gulley children admitted the signatures looked like her own, but that she did not know, and if the signatures were her own, she did not know they were deeds conveying the land, and that it was never her intention to execute or deliver deeds to the Gulley children to the land.

In the case of Maynard et al. v. Taylor, 185 Okla. 268, 91 P. 2d 649, in paragraph 2 of the syllabus, it was said:

"A delivery is essential to the validity of a deed."

And in paragraph 7 it was said:

"Although a deed is found in possession of the grantee, the fact that the grantor continues to exercise acts of ownership over the premises is inconsistent with the theory of an intentional delivery, and may justify the court in finding that there has been no delivery, operative and effectual to pass title."

Aside from the evidence concerning the execution of these deeds to the Gulley children, or how said deeds came into existence, the undisputed evidence shows continuing acts of ownership, possession and control over the premises consistent with plaintiff's denial of intention to deliver title to the defendants. We think the trial court justified in finding that there was no delivery operative and effectual to pass title.

The judgment is affirmed.

GIBSON, C. J., and RILEY, OSBORN, DAVISON, and ARNOLD, JJ., concur. HURST, V. C. J., and BAYLESS, J., dissent.