BRIDWELL v. GOESKE.

No. 33099.   April 20, 1948.

*192 P. 2d 656.*

John H. Cantrell, Cantrell, Carey & McCloud, and McInnis, Thompson & Sullivan, all of Oklahoma City, for plaintiff in error.

Twyford, Smith & Crowe, Smith & Smith, and Nelson Rosen, all of Oklahoma City, and Foulston, Siefkin, Schoeppel, Bartlett & Powers, of Wichita, Kan., for defendant in error.

GIBSON, J.   In his petition plaintiff, Bridwell, alleges generally that he is

the owner and in possession of the land involved, that defendants claim some interest the nature of which is unknown to the plaintiff, and that same is without right. It is prayed that defendants be required to set forth their claims and that the court declare same to be inferior and without right and that the title of plaintiff be quieted against them. It is specifically alleged that plaintiff acquired his title to the land by a resale tax deed. It is further alleged that the land constituted a part of the allotment of a Choctaw Indian upon whose death, intestate, the title thereto descended to certain persons as heirs who, in 1919, conveyed same to defendant Goeske. It is also alleged that there had been no judicial determination of the heirs of said deceased, and prayed a decree determining heirship and quieting title against the known and unknown heirs of said deceased.

Defendant Goeske filed answer and cross-petition. Therein the allegations of the petition are denied except those concerning the allotment of the land and deraigning the title of defendant, which are admitted. The validity of the tax deed is expressly challenged upon various grounds by reason of which it is urged that same is illegal and void. A tender is made of such amount as may be found owing to plaintiff on account of taxes, etc., paid. It is therein alleged that defendant is the owner of and is in possession of the lands. It is prayed that the resale tax deed be adjudged to be void and canceled of record, that the court render judgment determining the heirs of the allottee, and that the title of defendant be quieted against the plaintiff and the codefendants. Plaintiff filed no reply to the answer and cross-petition of defendant, and the cause was tried without request of defendant therefor. Defendants, other than Goeske, failing to appear, were adjudged in default and the cause was tried between plaintiff and defendant Goeske upon an agreed statement of facts which reflected the following: Resale tax deed bearing date of May 19, 1941, purporting to convey to plaintiff, Bridwell, said land in pursuance of his purchase thereof on tax sale had on May 13, 1941, which was delivered and recorded, and that same was the basis of plaintiff's title. That defendant Goeske derived title to said land as charged in the petition. That the notice of resale was first published on April 10, 1941, and there was included therein taxes assessed for the year 1940, the last quarter of which did not become delinquent until May 1, 1941, the date of the last publication. That the land involved is improved farm land. That defendant Goeske tenders the full amount of the taxes canceled by the resale together with any subsequent taxes paid by the plaintiff. That a certain mortgage of record is barred by the statute of limitation and that the parties join in asking that the title be quieted against the mortgage whether the judgment quieting title be for plaintiff or defendant. The stipulation is silent as to who was in possession of the land.

The court found the issues generally in favor of defendant and against the plaintiff and held the latter entitled to no relief. It found specifically that defendant was the owner of and in possession of the land and that the resale tax deed was void. It was decreed that the tax deed be canceled as a cloud upon defendant's title and that the title of defendant be quieted against the claims of the plaintiff and the codefendants. Plaintiff appeals.

In presenting the appeal it is recognized by plaintiff that, since in the notice of resale there was included taxes not delinquent at the time of the first publication of the resale notice, the resale tax deed was void under the holdings of this court (Williamson v. Hart, 199 Okla. 328, 186 P. 2d 71, and cases therein cited), and that there was no

error in the trial court so decreeing or in decreeing same to be canceled.

It is urged that the court erred in holding that defendant was in possession and in decreeing defendant's title quieted against the claims of the plaintiff. As basis therefor it is contended that where, as here, the defendant did not join with the action to quiet title an action for possession it is essential that possession be proved to authorize a decree quieting title. That since there is no evidence to sustain the finding of defendant's possession the decree is erroneous. And, concerning the materiality of the possession and the issues involved thereon, it is contended that defendant, having proceeded to trial without objection, waived the filing of a reply to the answer and cross-petition and, thereupon, by law there became available to plaintiff the defense of the statute of limitations and also that plaintiff had title by prescription by reason of his possession during the limitation period. That both defenses are involved in the determination of title and, although not decided, are concluded by the decree.

The substance of the argument is that it was error for the court to declare the title to be in the defendant without proof of possession by defendant even though, as a matter of law, on the admitted facts, the proof showed defendant to be the owner. The plaintiff, who takes that position in this court, sought in the trial court a decree quieting his title to the land without tender of proof of possession and by stipulation expressly joined with defendant in praying that the title of the one who prevailed should be quieted against the claims of others.

If we were confronted here merely with an action by the defendant as plaintiff to quiet title against the plaintiff as defendant, there would be merit in the contention. In such situation, the defendant as plaintiff, although entitled to seek a decree in equity canceling the void deed as a cloud without proof of

possession, would not be entitled to a decree quieting title without proof of possession. Lair v. Myers, 71 Okla. 175, 176 P. 225; Stone v. Merrell, 195 Okla. 18, 154 P. 2d 953. The chief reason underlying the rule, that plaintiff must have possession, is that if defendant is in possession the plaintiff has a plain and adequate remedy at law in ejectment and hence equity cannot be invoked (51 C. J. 180, §98). Such reason does not obtain where both plaintiff and defendant invoke such relief and this court has repeatedly held that in such situations the rule does not apply. Gafford v. Davis, 58 Okla. 303, 159 P. 490; Davenport v. Wolf, 59 Okla. 92, 158 P. 382; Terwilleger v. Bridges, 192 Okla. 642, 138 P. 2d 79; Evans v. Terrill, 189 Okla. 577, 118 P. 2d 250. In the last named case we held:

"In an action to quiet title, where the plaintiff seeks to defeat a county commissioner's deed after tax resale, and where the defendant by his answer and cross-petition pleads his said deed and prays that his title be quieted in himself, the defendant need not allege or prove that he is in possession of the property where the plaintiff's petition is sufficient to give the court jurisdiction, the court thereby having jurisdiction of the entire controversy."

Since proof of possession in neither party is essential to the power of the court to settle the question of title, the finding that the possession is in one, even if it be erroneous, is not material touching the right of the court to quiet the title according to the fact thereof (Davenport v. Wolf, supra). And, if the finding of the court that defendant was in possession is not true, as to which the record is silent, such error affords plaintiff no basis of appeal unless he has an interest in the subject-matter and was prejudiced thereby (3 C. J. 623, §480; Clark v. Duncanson, 79 Okla. 180, 192 P. 806). In plaintiff's petition it is recognized that but for the tax deed the title to the land is vested in defendant Goeske, and it is therein alleged that plaintiff's claim of title is based upon the tax deed. The issue of

title thus turned upon the validity of the tax deed and such was the sole issue presented at the trial. With the determination that the tax deed was void, the correctness of which is not questioned, the entire claim of plaintiff was proven to be non-existent. Being without interest in the land, the errors of the court, if any, in adjudging defendant's title are immaterial to plaintiff who is without any right to be prejudiced. In Clark v. Duncanson, supra, we held:

"Plaintiff, therefore, bases his right to a judgment on two things, to wit: (a) Possession, and (b) title under the tax deed. He, therefore, presented to the defendant the clear-cut issue as to whether or not he, plaintiff, obtained title under the tax deed. Unless plaintiff has title, he has no title to quiet. In an action to quiet title, the plaintiff must allege and prove that he is the owner of either the legal title or the complete equitable title. Whether the defendant has any title is immaterial to the plaintiff unless the plaintiff has title. Plaintiff must recover on the strength of his own title, and not on the want of title in the defendant."

With the issues considered to be as stated, there can be no question of the correctness of the decree quieting the title in the defendant and of the immateriality of the error, if any, in finding that defendant was in possession.

There is no merit in the contentions that since plaintiff did not reply and that defendant should be deemed to have waived reply, the issues are to be considered broadened to involve the statutes of limitation and plaintiff's prescriptive title as defenses to defendant's claim of title. Aside from the question whether plaintiff is in position to present the question here, in view of his failure to present or offer evidence thereon in the trial court, such defenses, not having been pleaded, could obtain only on the theory they are to be implied by reason of defendant's waiver of a reply. The matter implied could not be other than that which would be authorized under the law (12 O.S. 1941 §280) which includes "any new matter not inconsistent with the petition." If the plea of the statute of limitations relied on (12 O. S. 1941 §93, par. 3) is consistent, as to which we express no opinion, same would avail nothing for it is settled law in this jurisdiction that where the tax deed relied on is void for reasons such as obtain here, same does not set in operation the statute. Mahoney v. Barton, 168 Okla. 586, 35 P. 2d 443; Norton v. Barefoot et al., 168 Okla. 112, 32 P. 2d 28.

An assertion of title by prescription is inconsistent with title by grant which is alleged in the petition, and therefore is not available as a defense. But, even if available, same would be futile. The prescriptive title is claimed on basis of plaintiff's alleged possession of the land during the two-year period prescribed by said statute of limitations. Stolfa v. Gaines, 140 Okla. 292, 283 P. 563, is relied on as authority therefor. In Norton v. Barefoot et al., supra, where the tax deed holder claimed title by prescription through possession during the one-year period prescribed by Stat. 1931, secs. §§ 11729, 12763 (60 O.S. 1941 §333 and 68 O.S. 1941 §455), we held that the doctrine of Stolfa v. Gaines was not applicable, and further held:

"One who takes possession of real property and retains possession thereof for more than one year under a tax deed which is admittedly void on its face or for jurisdictional defects does not acquire a title by prescription to said property as against the record owner thereof by virtue of the short statute of limitations provided by section 12763, O. S. 1931."

The basis of the holding is that one cannot predicate the prescription on the limitations of a statute which is inoperative and the rule announced is as fully applicable to the statute involved here as that involved there (Westerheide et al. v. Wilcox et al., 190 Okla. 382, 124 P. 2d 409). In Norton v. Barefoot et al., supra, we said:

"In view of the plaintiff's admission that her tax deeds are void, she is precluded from asserting a claim of title by prescription under the one year statute of limitations, which clearly has no application to the facts involved in this case."

The judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, CORN, ARNOLD, and LUTTRELL, JJ., concur.