W. P. CHOATE, Plaintiff in Error,

v.

MUSKOGEE ELECTRIC TRACTION COMPANY, Defendant in Error.

No. 37128.

Supreme Court of Oklahoma.

March 27, 1956.

As Amended April 9, 1956.

Vilas P. Vernor, Muskogee, for plaintiff in error.

Banker & Bonds, Muskogee, for defendant in error.

HUNT, Justice.

The Muskogee Electric Traction Company filed this action against W. P. Choate, et al., to quiet title to three tracts of land. This appeal involves title only to a portion, approximately 8 acres, of the 23.5 acre tract described in plaintiff's first cause of action. The plaintiff alleged itself to be the owner of the legal title and equitable estate in the described real estate, that it is now and has been for more than fifteen years last past in the open, notorious, exclusive and adverse possession of the real estate, claiming title thereto under color of title and claim of right, and that the defendants claim or assert some right, title, interest, equity and estate in or to the real estate adverse to the title of plaintiff, and prayed judgment quieting its title to the real estate.

The defendant, Choate, filed an answer generally denying the allegations of plaintiff's petition, but admitting that he claimed an interest in and to a portion, 420 feet by 816 feet, of the 23.5 acre tract, and alleged that the heirs of the original allottee of the land made him a deed in September, 1937 to the parcel of land which he claimed; that he thereupon occupied the land and built a house thereon, and has resided thereon continuously since said date under a claim of title thereto; that in the year 1945 a cyclone destroyed his house but he rebuilt the same and has continuously resided on the land since 1937, that his occupancy has been open, notorious, exclusive and adverse to the world under claim of right thereto, and pleads the statute of limitation, Title 12 O.S.1951 § 93, and alleges the same to give title to one in adverse possession of real estate for a period of fifteen years.

By cross-petition the defendant incorporates the allegations of his answer and prays the court that his title to the described land be quieted in him as against the claims of the plaintiff and all defendants, and that he have judgment for costs and such other relief as the court may find him entitled to.

The plaintiff filed a reply and answer to the defendant's answer and cross-petition denying the allegations thereof. The City of Muskogee, Board of County Commissioners, the County Treasurer and County Assessor filed answers, generally denying plaintiff's allegations and alleging a lien on the lands for any unpaid taxes thereon, and the other defendants filed disclaimers of any interest in the land, or made default.

The record shows a journal entry of judgment wherein it is recited that the cause came on for trial on June 3, 1955, at which the plaintiff and the defendants who

had previously filed answers appeared, except the defendant, W. P. Choate, and judgment was entered quieting title to the real estate involved in the plaintiff as against the defendants, except the defendant, Choate, and the cause was continued for trial upon the issues as between the plaintiff and said defendant. The cause was subsequently tried on the issues as between the plaintiff and the defendant Choate. The defendant produced evidence in support of his answer and cross-petition and the plaintiff produced its evidence, and on August 30, 1955, the court rendered judgment in favor of the plaintiff and against the defendant, W. P. Choate, quieting title to the land involved in the plaintiff, and barring and enjoining the defendant from claiming or asserting any right, title or interest in the land adverse to the title of the plaintiff, and that plaintiff have and recover possession of the land from the defendant. The defendant's motion for a new trial was overruled and the defendant perfected an appeal to this court.

The plaintiff in error, in support of his assignments of error, first advances the proposition and argument that the trial court was without jurisdiction to render the judgment in favor of the plaintiff company because the plaintiff failed to show it was in possession of the land. Such proposition cannot be sustained because the defendant filed a cross-petition and asked affirmative relief by judgment quieting his title. The applicable rule and authorities supporting it is announced in the case of Terwilleger v. Bridges, 192 Okl. 642, 138 P.2d 79, which holds:

"Ordinarily possession by a plaintiff in a quiet title action is necessary; where, however, in such a suit, the defendant affirmatively asks that his title be quieted the rule has no application."

The further argument and proposition of plaintiff in error that there was a misjoinder of causes of action cannot be considered because it was not raised in the trial court. Furthermore, Gulley v. Christian, 198 Okl. 167, 176 P.2d 812, 813, holds:

"In an action to quiet title to real estate, all persons claiming an interest in the land involved can properly be made parties, even though they claim separate parcels."

The plaintiff in error devotes the remainder of his brief chiefly to the proposition and argument that the defendant in error claimed title to the particular tract of land by adverse possession, the same as did the defendant below, and that the evidence established prescriptive title to the land in the defendant, and says the judgment of the trial court did not find plaintiff to have title to the land, but merely attempted to quiet title in plaintiff, and awarded it possession of the tract occupied by defendant.

The defendant below called three witnesses who testified in part that the defendant had occupied the land in question continuously since the summer of 1937, when he built a two room residence thereon, and lived in it until 1945, at which time a cyclone destroyed the house and he built another and has lived there alone ever since; that he has water and electricity in the house; that at two different times persons have attempted to possess the land, but defendant successfully defended his possession under claim of ownership; that there was a fence around the tract, some of which the defendant built; that when physically able he cultivated the land as a garden and otherwise. The record shows the defendant was an invalid and unable to attend the trial, and the judge of the trial court, by agreement of counsel, visited the defendant and dictated into the record defendant's statement, in which it is recited that he, defendant, stated he had never had a deed to the property, that once he went to the Court House to pay the taxes but was told there was none; that he built part of the fence around the property, that he farmed the land for many years, that several people had attempted to take the land from him, but he ran them off, that he had lived on the land for more than fifteen years.

The plaintiff, Muskogee Electric Traction Company, introduced in evidence a plat of the land involved, showing location of the house and barn on the premises, and the engineer who prepared the plat testified

there was approximately eight acres in the tract. A deputy county treasurer testified she had examined the county tax rolls for the period since 1930 and found none of the land assessed to the defendant. R. H. Alexander, President and Manager of the plaintiff company, testified that they assessed the property with the State Board of Equalization until the railway was abandoned in 1941, and thereafter assessed it with the County Treasurer; that the taxes thereon had been paid. He also testified about a road or roads across the tract, including the railway track, and stated that he knew the defendant was on the land in 1939 or 1940.

Title 60 O.S.1951 § 333 reads:

"Occupancy for the period prescribed by civil procedure, or any law of this State as sufficient to bar an action for the recovery of the property, confers a title thereto, denominated a title by prescription, which is sufficient against all."

Title 12 O.S.1951 § 93, limits an action for recovery of real estate to fifteen years.

"Adverse possession of real estate for the period of time prescribed by the statute ripens into title by prescription, and such adverse possession may be either under claim of right or color of title." Brewster v. Herron, Okl., 267 P.2d 143, 38 A.L.R.2d 335.

"Adverse possession must be open, visible, continuous and exclusive, with a claim of ownership, such as will notify parties seeking information upon the subject that the premises are not held in subordination to any claim of others, but against all titles and claimants." Welch v. Langley, Okl., 264 P. 2d 347.

"The plaintiff in an action to quiet title to land must allege and prove that he is the owner of either the legal title or the complete equitable title. Unless plaintiff has the title, it is immaterial to him what title defendant claims." Bridwell v. Goeske, 200 Okl. 244, 192 P.2d 656, 657.

" 'In an action of purely equitable cognizance this court will consider the entire record and weigh the evidence and cause to be rendered such judgment as the trial court should have rendered.' " Fessler v. Thompson, 191 Okl. 450, 130 P.2d 513, 514.

We have examined the record and considered the evidence as a whole and find and conclude therefrom that the plaintiff below failed to establish any ownership, right, title, equity or interest in or to the tract of land occupied and claimed by the defendant, W. P. Choate, and find and conclude that the defendant established a prescriptive title and ownership in and to the land involved by his adverse, open, notorious, visible and exclusive occupancy and possession of the land under claim of ownership for a period of more than fifteen years immediately preceding the filing of this action, and is entitled to judgment establishing and quieting his title thereto as against the claim of the plaintiff.

We further find and conclude from the record and the evidence that the judgment of the District Court in favor of the plaintiff and against the defendant is against the clear weight of the evidence and should be reversed and set aside, and it is the judgment and decree of the court that the defendant, W. P. Choate, is the title holder and owner by prescription of and to the herein described tract of land, and his title thereto is established and quieted as against the claim of the plaintiff Muskogee Electric Traction Company, and those claiming any interest or title therein through said plaintiff, and the judgment of the District Court is reversed and the cause remanded to the District Court with directions to enter judgment therein in favor of the defendant, W. P. Choate, and against the said plaintiff.