**ALLIS–CHALMERS MANUFACTURING COMPANY, A Corporation, Plaintiff in Error,**

v.

**Forrest GEORGE, Defendant in Error.**

No. 39459.

Supreme Court of Oklahoma.

March 6, 1962.

Wright & Lowrey, Woodward, for plaintiff in error.

Sparks & Boatman, Woodward, for defendant in error.

BLACKBIRD, Vice Chief Justice.

This appeal involves an action to quiet title to a quarter section of land described as the Northwest Quarter of Section 23, Township 24 North, Range 17 West of the Indian Meridian, in Woodward County, Oklahoma.

In the early part of the decade beginning with the year 1930, the entire tract was owned by Mr. and Mrs. L. A. Wylie. It was then, and for years afterward, assessed for ad valorem taxes as one parcel.

In January, 1933, after ad valorem taxes for years beginning in 1930, had become delinquent, and at least one tax sale certificate for such taxes had been issued to the county, Wylie and his wife deeded the East Half of it to plaintiff in error (hereinafter referred to as defendant) reserving in Wylie a life estate. Later the same year, and again in 1935, the whole tract was successively sold to the County for delinquent taxes. In 1938, Wylie died, and thereafter taxes then due, and subsequently accruing through the year 1941, also became delinquent.

In 1942, the County Treasurer advertised the quarter section for sale at the resale to be held in said County on the second Monday in May, 1942. On May 1, 1942, plaintiff, who had held a mortgage on the West Half of said quarter section for several years, paid all of the taxes due on the entire quarter section, and had it removed from the sale list. At the same time, he procured an assignment of the aforementioned tax certificates previously issued on said land; and since has paid all subsequent annual assessments of taxes against it.

On June 23, 1943, plaintiff, after having successfully prosecuted to judgment, an action to foreclose his mortgage on the West Half of the tract, obtained a sheriff's deed to that portion of it. On the same date he went into possession of the entire quarter section, and has since continued to exercise the rights and dominion of an owner over it.

In December, 1959, plaintiff instituted the present action, claiming, in his petition, a prescriptive title to the whole quarter section, by reason of his open, notorious and adverse possession and dominion over it for more than fifteen years.

By answer, and an amendment thereto, together with a cross petition, defendant, among other things, disputed plaintiff's claim of adverse possession as to the East Half of the quarter section. Therein it claimed title to that portion of the tract by reason of its aforesaid deed from the Wylies; denied that plaintiff's tax certificates on that 80 acres constituted color of title; denied that plaintiff could claim adverse possession under them; and alleged that on May 2, 1952, the certificates became barred by limitation of action thereon, and that defendant was entitled to have same

cancelled. Said defendant and cross petitioner prayed that its title be quieted against plaintiff's claims, and that plaintiff be required to surrender possession of that 80 acres to defendant.

In reply to defendant's pleadings, plaintiff, among other things, denied that his claim of ownership of the East Half of the quarter section was based upon the aforesaid tax sale certificates. After a trial of the cause by the court, judgment was rendered in favor of plaintiff, and defendant has perfected the present appeal.

As its sole proposition for reversal, defendant asserts:

"That the plaintiff, being the holder of tax sale certificates covering the defendant's land could not become an adverse possessor as against the defendant, the record owner, during the period of redemption, at least without a clear and unequivocal repudiation of the tax certificates brought to the actual notice of the defendant; and that therefore the trial court erred in holding that the plaintiff was an adverse possessor prior to 1945."

■ Inherent in defendant's argument to support the above proposition, is the hypothesis that plaintiff went into possession of the 80 acres here involved (the East Half of the quarter section) under his tax sale certificates, and that his claimed prescriptive title is based upon adverse possession for 15 years, *under said certificates,* as color of title. Although defendant recognizes that plaintiff testified to the contrary, it cites the case of Douglass v. Mounce, Okl., 303 P.2d 430, in an apparent attempt to show that plaintiff's entering into possession of said 80-acre tract, and continuing in its possession for more than the necessary 15 years, was presumptively done under the certificates. Inferentially, its conclusion is that the evidence was insufficient to overcome this presumption, the trial court's judgment to the contrary notwithstanding. The cited case, and others referred to by defendant, are not in point. In all of them, the person taking possession of the property involved, did so, or was presumed to have done so, under a muniment of title, such as a deed. Tax sale certificates neither pass legal title, nor entitle their holders to possession. Hastings v. Montgomery, 142 Okl. 7, 285 P. 89, Honeyman v. Andrew, 124 Okl. 18, 253 P. 489. Therefore, the presumption that plaintiff took possession of the 80 acres, here involved, under his tax sale certificates (to which defendant's argument refers) did not apply to (nor need be overcome in) the present case. By the same token, the rule requiring a mortgagee or co-tenants in possession of land to give the other owner, or owners, of interests in the land, actual notice that they are holding it adversely, does not apply.

A portion of plaintiff's cross-examination concerning the circumstances under which he went into possession of the tract is as follows:

"Q. By what claim of right did you take possession of the East Half of the Northwest Quarter of Section 23, Township 24, Range 17, WIM, Woodward County, Oklahoma?

"A. Well it was just fenced in my pasture, and I took it and started using it, and paying the taxes on it.

"Q. You had no claim of right, did you?

\*　\*　\*　\*　\*　\*

"A. I claimed a right to possession, yes, sir."

The cross examiner then referred to a deposition plaintiff had apparently previously given, and continued the cross-examination as follows:

"Q. I want to ask you if in that deposition this question was asked, and this answer given; 'Question: Did you, or did you not, have claim of right to take possession of this land \* \* \* —you had no title or claim to it, you just moved in? Answer: Yes, I had a claim on account of the taxes that I paid.' Was that question asked, and did you make that answer?

"A. Well, I can answer that; I claimed that until after the Sheriff's deed, and I took that claim, those tax certificates to protect me, mainly. I didn't know whether I would be the successful bidder in the Sheriff's sale. After I got possession of it I don't claim that, I never have.

"Q. You just forgot about those tax certificates, then?

"A. That is right, I never have had the taxes endorsed on them since. * * *."

In view of the undisputed fact that, although plaintiff had had the tax sale certificates several years previously, he did not take possession of the East 80 acres here involved until he had obtained his sheriff's deed to the West 80 acres, and of the further fact that the tax sale certificates did not vest in him said tract's title or a right to its possession, and of the further fact that he had no part of the taxes (he later) paid on the quarter section endorsed on his tax sale certificates, we think a reasonable, and correct, interpretation of his above quoted testimony is that he did not enter into possession of said East 80 acres under any claim *of title,* as distinguished from entering into it under "a claim of right", as that expression is used in the rules describing how prescriptive titles may be acquired. See Choate v. Muskogee Electric Traction Co., Okl., 295 P.2d 781. This being true, the trial court's finding that plaintiff entered into the land's possession " * * * as an adverse possessor and not as the owner of a tax sale certificate * * *" cannot be held to be either contrary to, nor clearly against the weight of, the evidence. Since, according to the court's sufficiently supported findings, plaintiff, when he took possession of the land, was asserting no claim of title to, or possession of, it, as a tax sale certificate holder, it is unnecessary to deal with defendant's argument that, by statute, it had ten years to redeem the land from plaintiff, upon reimbursing him the amount of delinquent taxes he had paid as a prerequisite to obtaining the certificates.

As, in view of the foregoing, defendant's arguments demonstrate no sufficient cause for its reversal, the judgment of the trial court is hereby affirmed.

WILLIAMS, C. J., and DAVISON, HALLEY, JACKSON, IRWIN and BERRY, JJ., concur.